IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br><br> Plaintiff, <br> v. <br><br> DOROTHY ELIZABETH LEWIS, <br><br> Defendant. | Case No.: 3:25-cv-00099-AN <br><br><br> OPINION AND ORDER |

      Plaintiff Wells Fargo Bank, N.A., filed this action in Multnomah County Circuit Court against self-represented defendant Dorothy Elizabeth Lewis, alleging forceable entry and wrongful detainer claims pursuant to Oregon Revised Statute §§ 105.115, 105.110, and 105.123. After defendant removed this case for the first time, this case was remanded on November 12, 2024.[1] On January 17, 2025, defendant removed this case to this Court for the second time. On February 7, 2025, defendant filed a Motion for Temporary Restraining Order, ECF [10], seeking to enjoin the state court from requiring defendant's appearance in a state court hearing scheduled to take place on February 11, 2025. After reviewing defendant's filings, the Court finds this matter appropriate for decision without oral argument. Local R. 7-1(d). For the reasons stated below, defendant's motion is DENIED.

      Temporary restraining orders and preliminary injunctions are governed by the same legal standard. Fed. R. Civ. P. 65; *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A party seeking a temporary restraining order must show (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the favor of the party; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def.*

---

[1] The Court *sua sponte* takes judicial notice of the docket of *Wells Fargo Bank, N.A. v. Lewis*, Case No. 3:24-cv-01712-AB, and the Opinion & Order of November 12, 2024, ECF [18], therein remanding this case to Multnomah County Circuit Court.

*Council, Inc.*, 555 U.S. 7, 20-22 (2008). Under the Ninth Circuit's "serious questions" test, where the balance of equities tips sharply in the moving party's favor, that party need only demonstrate "serious questions going to the merits." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

Defendant fails to establish any of the *Winter* factors. First, defendant has not raised serious questions going to the merits of the underlying forceable entry and wrongful detainer claims, let alone shown a likelihood of success. After the case was removed for the second time, Multnomah County Circuit Court Judge Monica M. Herranz issued an order on January 28, 2025, reopening the state court case and stating that the state court case had been closed and removed "[d]ue to an administrative error[.]" *See, e.g.*, Mot. for TRO, ECF [10], Ex. C. On February 6, 2025, plaintiff moved to remand this case, and that motion is currently being briefed. Defendant argues that she is likely to succeed on the merits of this case and on the issue of this Court's jurisdiction because Judge Herranz issued the January 28, 2025, order "in bad faith." *Id.* at 3. However, defendant's argument is irrelevant to the underlying claims in this eviction action. Defendant has failed to provide any facts from which the Court can conclude that defendant will likely succeed on the merits of the underlying claims.[2]

Second, defendant has not shown that she is likely to suffer irreparable harm in the absence of preliminary relief. Defendant argues that "the State Court and [plaintiff's counsel] are and others [*sic*] willing to knowingly disregard the law to get [defendant] to appear in that court; know is [*sic*] a plot in place to harm [defendant], under the cloak of judicial duties. Whatever they have planned will not be fair and impartial. [Defendant is] already prejudiced." *Id.* at 4. However, requiring defendant's appearance at the February 11, 2025, state court hearing is not harmful to defendant, let alone likely to cause irreparable harm. Moreover, defendant's assertions about any partiality and prejudice during the hearing are wholly speculative.

Third, defendant has not shown that the balance of equities tip in her favor. Defendant argues that "the equities tip in [her] favor because of 28 U.S.C. [§] 1446(d)." *Id.* Defendant also argues

---

[2] In fact, defendant failed to even attach a copy of the underlying complaint to the Notice of Removal, ECF [1].

that "being forced to appear before the judge(s) the [*sic*] State Court" "would violate [her] right to be heard in a Federal Court." *Id.* Defendant's arguments are meritless. "Federal courts are courts of limited jurisdiction[,]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and defendant does not have a freestanding right to have this case before a federal court. Upon removal, defendant "assumes voluntarily 'the burden of establishing federal jurisdiction.'" *Love v. Villacana*, 73 F.4th 751, 755 (9th Cir. 2023) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006)). Although defendant removed this case, plaintiff challenges the Court's subject matter jurisdiction and has filed a timely motion to remand, to which defendant still has an opportunity to respond. *See* Mot. to Remand, ECF [8], at 4-6. Defendant does not provide any explanation of how appearing at the February 11, 2025, hearing causes her any hardship or prevents her from being heard on the motion pending before this Court.

Fourth, defendant has not shown that an injunction is in the public interest. Defendant argues that if a temporary restraining order were not issued, "it would forever, negatively affect the whole of the United States" because "[t]he State Court is trying to make a power grab" and "dilute the power of the Federal Courts[,]" and "[t]he precedent that would be set would be so harmful." Mot. for TRO 4-5. Again, defendant provides no facts to support these conclusory and speculative assertions. Moreover, granting defendant's requested relief would require this Court to enjoin ongoing state court proceedings, which is generally barred by the Anti-Injunction Act and *Younger* abstention. *See Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1098 (9th Cir. 2008); *Wiener v. Cnty. of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994) (citation omitted) ("*Younger* abstention is required when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford the federal plaintiff an adequate opportunity to litigate federal constitutional claims.").

## CONCLUSION

For the foregoing reasons, defendant's Motion for Temporary Restraining Order, ECF [10], is DENIED.

IT IS SO ORDERED.

DATED this 10th day of February, 2025.

*Adrienne E. Nelson*
Adrienne Nelson
United States District Judge