IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WELLS FARGO BANK, N.A., | Case No.: 3:25-cv-00099-AN |
| Plaintiff, | |
| v. | |
| DOROTHY ELIZABETH LEWIS, | OPINION AND ORDER |
| Defendant. | |

Plaintiff Wells Fargo Bank, N.A., filed this action in Multnomah County Circuit Court against self-represented defendant Dorothy Elizabeth Lewis, alleging forcible entry and wrongful detainer claims pursuant to Oregon Revised Statutes §§ 105.115, 105.110, and 105.123. Defendant removed this case to this Court for the first time on October 8, 2024, and the Court remanded on November 12, 2024. On January 17, 2025, defendant removed this case to this Court for the second time. On February 6, 2025, plaintiff moved to remand again. After reviewing the parties' filings, the Court finds this matter appropriate for decision without oral argument. Local R. 7-1(d). For the reasons stated below, plaintiff's motion is GRANTED.

**LEGAL STANDARD**

A court must remand a removed action if the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Removal is only proper where the federal court would have had subject matter jurisdiction over the case if the plaintiff had originally filed it in federal court. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989). A federal court's original jurisdiction must be based on either federal question jurisdiction under 28 U.S.C. § 1331, for "all civil actions arising under the Constitution, laws, or treaties of the United States[,]" or diversity jurisdiction over civil actions under 28 U.S.C. § 1332(a), where the "matter in controversy exceeds the sum or value of $75,000" and the action is between

"citizens of different States."  The party invoking jurisdiction has the burden of establishing the court's jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).

"[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citations omitted).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Id.* (citation omitted).

## DISCUSSION

A.    **Remand to State Court**

The Court must remand this case to state court because it lacks subject matter jurisdiction. In the Notice of Removal at issue, defendant asserts that the Court has jurisdiction based on both federal question and diversity jurisdiction.  Defendant alleges that a violation of the Due Process Clause of the Fourteenth Amendment "has now arisen" and that the amount in controversy is more than $75,000 and the suit is between citizens of different states.  Notice of Removal, ECF [1], at 1.

Defendant has not demonstrated that removal was proper.  First, plaintiff's complaint does not establish federal question jurisdiction.  Although defendant claims that there was "prejudicial action of the State Court" and that the second removal was "within 30 days of a new incident that required a federal answer[,]" Def. Resp. to Mot. to Remand, ECF [15], at 2, the Court must look only to the complaint in its analysis.  Review of the complaint reveals that the underlying action is an eviction action.  Decl. Emilie K. Edling Supp. Pl. Mots. to Remand & Award Fees, ECF [9], ¶ 2 & Ex. 1.  Eviction is a state law claim over which a federal court does not have jurisdiction.  *Mgmt. Grp., Inc. v. Jacobson*, 3:24-cv-00530-HZ, 2024 WL 2053632, at *2 (D. Or. Apr. 10, 2024).  To the extent that defendant alleges a federal defense or counterclaim, such defenses or counterclaims are not bases for this Court's jurisdiction.  *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Mgmt. Grp., Inc.*, 2024 WL 2053632, at *2 (collecting cases).  Accordingly, defendant has not shown that the Court has federal question jurisdiction.

Second, plaintiff's complaint does not establish diversity jurisdiction.  In the Notice of Removal, defendant alleges that plaintiff has a principal place of business in South Dakota.  However, the

underlying complaint neither establishes the parties' citizenships nor demonstrates that the amount in controversy exceeds $75,000. Accordingly, defendant has not established that the Court has diversity jurisdiction.

**B.      Costs and Fees**

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Absent unusual circumstances, a court may award costs and attorney's fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Plaintiff's eviction complaint is based solely on Oregon law and lacks any allegations of federal question or diversity jurisdiction. Moreover, this Court has already instructed defendant on two separate occasions, including once in this very action, that her removals were improper because the allegations in the underlying complaints did not support either federal question or diversity jurisdiction. *See Lewis v. PHH Mortg. Corp.*, No. 3:24-cv-00978-AR, 2024 WL 3822806, at *2-3 (D. Or. July 3, 2024), *report and recommendation adopted*, 2024 WL 3822755 (D. Or. Aug. 14, 2024); *Wells Fargo Bank, N.A. v. Lewis*, No. 3:24-cv-01712-AB, 2024 WL 4764363, at *1-2 (D. Or. Nov. 12, 2024). Nevertheless, defendant removed this case to federal court for a second time, despite the absence of allegations in the complaint establishing subject matter jurisdiction and despite the Court's clear prior ruling in this case on November 12, 2024. Defendant lacks an objectively reasonable basis for seeking removal. Accordingly, and to deter future meritless removals by defendant, the Court awards plaintiff costs and fees incurred as a result of the improper removal.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to Remand to State Court, ECF [8], is GRANTED. Additionally, plaintiff is awarded reasonable costs and fees incurred as a result of the improper removal. All pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 10th day of March, 2025.

_____
Adrienne Nelson
United States District Judge